IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JACQUELINE ORTIZ GONZALEZ | |
| Plaintiff | Civil No. |
| vs. | |
| | Jury Trial Demanded |
| SEARS HOLDINGS a/k/a SEARS ROEBUCK DE PUERTO RICO INC.; MELISSA NEGRON; MELVIN FONSECA | |
| Defendants | |

## COMPLAINT

TO THE HONORABLE COURT:

NOW COMES THE PLAINTIFF, through the undersigned attorneys, and respectfully alleges and prays as follows:

## INTRODUCTION

1. This is an employment discrimination action seeking declaratory and injunctive relief and monetary damages brought by an employee of Sears Holdings a/k/a Sears Roebuck de Puerto Rico Inc. ("Sears"), on the basis of the illegal and discriminatory actions taken by the employer on the basis of her disability. Plaintiff alleges that defendants discriminated against her *inter alia* by questioning her need for reasonable accommodation, and retaliated against her when she requested the Company to comply with the law. Plaintiff further alleges that the discrimination and retaliation escalated to the point where the defendants' refusal to reasonably accommodate plaintiff's disability led to her constructive discharge. Plaintiff requests back pay, compensatory and punitive damages, as well as equitable and declaratory relief and other remedies provided by the applicable statutes.

## JURISDICTION

2.1.  This court has jurisdiction over this case since plaintiff seeks relief to secure protection of rights and to redress deprivation of her rights pursuant to the Americans with Disabilities Act, 42 U.S.C. section 12101 *et seq, ("ADA")*.

2.2.  Federal Question jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 as plaintiff's claim arises under a federal statute.

2.3.  This is the proper venue to bring this action since the events and omissions giving rise to the claim occurred in this judicial district.

2.4.  This court has supplemental jurisdiction over causes of action arising under Puerto Rico law and/or over pendent parties with respect to matters arising from the same nucleus of operative facts, pursuant to 28 USC §§ 1367.

## PARTIES

3.1. Plaintiff Jacqueline Ortiz-González ("Ortiz")  is a citizen and resident of Puerto Rico who was a part-time employee for Sears for almost five years.  She suffers from type I diabetes and hypertension.

3.2. Defendant Melissa Negron ("Negrón") is and was at all times relevant to this complaint, a managerial employee of Sears Holdings.  As such, she functioned as an agent, manager, and representative of the same.  Ms. Negrón was plaintiff's direct supervisor at all times relevant to the complaint.

3.3.  Defendant Melvin Fonseca (Fonseca) is and was at all times relevant to this complaint, a managerial employee of Sears Holdings.  As such, he functioned as an agent, manager, and

2

representative of the same.  He directly supervised Ms. Negrón and occupied the position of Operations Manager for Sears Los Paseos.

3.4. Sears is and was at all times relevant to this complaint the employer of plaintiff and the owner of the Sears store where plaintiff worked.  Sears Holdings a/k/a Sears Roebuck de Puerto Rico employs over 500 employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year

## FACTS

4.1. Ms. Ortiz worked as a part time Sears employee in Puerto Rico for approximately five years.

4.2. Plaintiff is a qualified disabled or handicapped employee within the meaning of the American with Disabilities Act, suffering both from type I diabetes and high blood pressure, conditions which substantially limit her ability to engage in one or more major life functions.

4.3.  Ms. Ortiz disabilities were known to supervisory officials at Sears, and she is regarded as having this impairment affecting one or more major life functions.

4.4.  The plaintiff is an otherwise qualified individual in that she has the requisite skills, experience and education to perform the essential functions of the positions she has held within Sears.

4.5.  Ms. Ortiz started working as a sales associate in the Sears store in Santa Rosa Mall in Bayamon in 2005.

4.6.  Since the beginning of her employment, plaintiff requested reasonable accommodation for her disability.  Through a number of certificates, plaintiff 's physicians informed Sears of Ms.

3

Ortiz' need to have breaks in order to monitor her blood sugar, to visit the restroom as needed and to ingest food approximately every two and a half hours. With these accommodations, Ms. Ortiz would be fully able to perform work without adversely affecting her medical conditions.

4.7.   Towards the end of 2008, Ms. Ortiz was transferred to the Los Paseos Mall in Rio Piedras to work as an assistant to the Office Supervisor in the administrative office.

4.8.   In August 2009, the Office Supervisor was transferred to another store. Plaintiff performed the functions of Office Supervisor while an employee was selected to occupy the position.

4.9.   Plaintiff's formal and informal evaluations were always satisfactory.

4.10.  Thereafter, plaintiff applied for the position of Office Supervisor. Despite the fact that she performed the functions of the job for some two months, plaintiff was not selected, purportedly because she lacked supervisory experience.

4.11.  In December 2009, the Office Supervisory position was filled by defendant Melissa Negrón, a new hire. On information and belief, Ms. Negrón had no prior supervisory experience.

4.12.  For close to three weeks, plaintiff trained Ms. Negrón to perform the functions of Office Supervisor.

4.13.  After the training concluded, Ms. Negrón began a pattern of harassing Ms. Ortiz due to plaintiff's needs for reasonable accommodation.

4.14.  This harassment included, but was not limited to the following:

      a.  questioning Ms. Ortiz' need to visit the rest room frequently;

      b.  following plaintiff to the restroom to verify what she was doing;

      c.  questioning plaintiff's need to leave the workplace to stabilize her blood sugar, which at times reached a level of over 400;

      d.  prohibiting plaintiff from taking a break for a meal; and

      e.  refusing to pay plaintiff sick time when she was out of the workplace due to her disability.

4.15.  At about the same time, both Ms. Negrón and the Operations Manager, Mr. Fonseca, began assigning excess work to Ms. Ortiz .  They refused, however, to allow her sufficient time to complete the task assigned and in fact reduced her hours.

4.16.  Although plaintiff made her best effort, she was unable to complete all tasks assigned in the reduced hours.  However,  Ms. Negrón complained that her failure to do so was not because of the demand of the assignments, but rather because of Ms. Ortiz's need for reasonable accommodation.

4.17.   The hostility defendant Negrón demonstrated with respect to the reasonable accommodation was such that she even threatened to give plaintiff a performance warning related thereto.

4.18.  The situation had become so intolerable that at the end of March 2010, plaintiff presented defendants with yet another medical certificate explaining her need for reasonable accommodation.

4.19.  On April 5, 2010, shortly before plaintiff's scheduled meal break, Ms. Negrón and Mr. Fonseca ordered plaintiff to perform a certain task.  While performing the assignment plaintiff felt ill and requested Mr. Fonseca to allow her to take her meal break.

4.20.  In response to plaintiff's request, Mr. Fonseca not only prohibited her from taking the required meal break, but also humiliated plaintiff and told her that she was worthless in front of other employees.

4.21. Ms. Ortiz felt the need to demonstrate to Mr. Fonseca her entitlement to the break by showing the supervisor medical certificates in her personnel file documenting her disability and the need for reasonable accommodation.

4.22.  However, Mr. Fonseca refused to speak to plaintiff.  He completely refused to engage in any process, interactive or otherwise, in order to facilitate and comply with plaintiff's request, or to comply with his obligation as an agent of a covered employer to assure that there is reasonable accommodation for a qualified individual.

4.23.  The conditions at work were so adverse to plaintiff's health and otherwise intolerable that plaintiff had no choice but to submit her resignation that same day.

4.24. All of the actions referred to herein by Ms. Negrón and Mr. Fonseca were taken as agents of Sears, the defendant Company.

4.25.  On April 6, 2010, plaintiff filed a claim of disability discrimination with the  Puerto Rico Department of Labor.

4.26.  After plaintiff filed her discrimination complaint, Sears refused to pay plaintiff monies it owed to her including salary and vacation time accumulated.  This refusal was explicitly in retaliation for having filed the complaint.

4.27.  It was only after plaintiff called headquarters for Sears Holding that the employer paid plaintiff the vacation time owed.

4.28. As a result of the events described herein, the Plaintiff has suffered considerable damages, including a loss of past and future economic compensation for her work and significant emotional and physical sufferings, as well as aggravation of her medical conditions, mental anguish, loss of enjoyment of life, as well as an affront to her dignity as a human being.  She has required

extensive medical intervention as a result of the sufferings caused by the illegal actions and omissions of the defendants and their agents.

## CAUSE OF ACTION

### First Cause of Action

5.1. All previous allegations are reaffirmed as if fully alleged herein.

5.2. On March 7, 2011, the Equal Employment Opportunities Commission issued a right to sue letter on behalf of the plaintiff.

5.3. The defendants' actions alleged herein were taken with malice and/or with reckless indifference to plaintiff's federally protected rights.

5.4. The events described herein, including the failure to provide reasonable accommodation, the refusal to engage in process to facilitate and comply with plaintiff's request for accommodation, the creation of a hostile environment due to plaintiff's disability, the retaliatory actions taken against the plaintiff, and the failure to act upon receipt of her complaints, constitute illegal disability discrimination, in violation of the laws of the United States, for which the plaintiff is entitled to back pay and related benefits and interest thereon, compensatory damages, as well as punitive damages, and costs, interests and attorneys fees.

5.5. All defendants respond for the damages caused by these acts.

### Second Cause of Action

6.1. All previous allegations are reaffirmed as if fully alleged herein.

6.2. The events described herein, including the failure to provide reasonable accommodation,

the refusal to engage in process to facilitate and comply with plaintiff's request for accommodation, the creation of a hostile environment due to plaintiff's disability, the retaliatory actions taken against the plaintiff , and the failure to act upon receipt of her complaints, constitute illegal disability discrimination, in violation of the law 44 of July 2, 1985, for which the plaintiff is entitled to back pay and related benefits and interest thereon, compensatory damages, statutory doubling thereof, and costs, interests and attorneys fees.

6.3.  All defendants respond for the damages caused by these acts pursuant to the laws of Puerto Rico.

### Third Cause of Action

7.1.  All previous allegations are reaffirmed as if fully alleged herein.

7.2.  Plaintiff was an employee who worked without a without a fixed term, whose  highest salary was of approximately $650.00 bi-weekly.

7.3.  Plaintiff was constructively discharged from her employment at Sears without just cause entitling the plaintiff to statutory separation pay under the laws of Puerto Rico.

7.4.  Defendant company is responsible for the statutory separation pay equivalent to two months and four weeks of pay.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Jacqueline Ortiz-González respectfully requests that this court:

1. Declare that the actions of the defendants were discriminatory and otherwise in violation

8

of the American with Disabilities Act, and of Law 44 of July 2, 1985, and other laws and regulations prohibiting discrimination against disabled individuals and requiring reasonable accommodation;

2.  Issue preliminary and permanent injunctive relief, including but not limited to the following:

(a) reinstating the plaintiff to her position in Sears Holdings, or providing her with front pay and related benefits in lieu of reinstatement;

(b) enjoining the defendant and its agents, successors, employees, attorneys and those acting in concert with them from engaging in practices of disability discrimination;

(c) enjoining the defendant and its agents, successors, employees, attorneys and those acting in concert with them from taking any retaliatory measures against the Plaintiff for her complaints of disability discrimination; and

3.  Award the plaintiff actual damages caused as a result of the illegal acts in excess of $100,000.00.

4.  Award the plaintiff back pay and related benefits and interest thereon.  This amount is currently in excess of $11,000.00, and it is estimated to increase to at least $30,000.00 by the time this case es taken to trial.

5.  Award the plaintiff a doubling of the above amounts, for an additional $130,000.00.

6.  Award the plaintiff punitive damages in the amount of $300,000.00.

7.  Award the plaintiff statutory separation pay in an amount no less than $4,116.66.

8.  Award the Plaintiff the costs and expenses of this action, together with reasonable

9

attorneys' fees.

    9.  Award all applicable prejudgment and post judgment interest

    10. Provide all other relief the court deems adequate and just.

    A JURY TRIAL is hereby demanded.

    I hereby certify that on May 19, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system.

    In San Juan, Puerto Rico this 19th day of May, 2011

Berkan/Mendez

O'Neill St. G-11

San Juan, P.R. 00918-2301

Tel. (787) 764-0814

Fax (787) 250-0986

bermen@prtc.net

S/ Judith Berkan                      /s/ Mary Jo Mendez

Judith Berkan                         Mary Jo Mendez

USDC No.200803                    USDC No. 209407

10
